Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287–Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorpcom

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VACA VALLEY GLASS, INC.<br><br>Defendant. | Case No.: C05-3101 MHP<br><br>**SECOND AMENDED JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that a Second Amended Judgment Pursuant to Stipulation in the within action may be entered in favor of the Plaintiffs and against Defendant Vaca Valley Glass, Inc. as follows:

1.  Pursuant to an Amended Judgment Pursuant to Stipulation, Defendant was indebted to Plaintiffs in the amount of $47,212.51, plus interest. Defendant made four (4) payments, then defaulted. According to paragraph 5 of the original Judgment Pursuant to Stipulation, any additional contributions, liquidated damages and interest that become due during the payment period become part of the Judgment.

2.  Defendant has now reported, but failed to pay contributions for the months of

-1-
**SECOND AMENDED JUDGMENT PURSUANT TO STIPULATION**
Case No.: C05-3101 MHP

P:\CLIENTS\GLACL\Vaca Valley Glass\Pleadings\C05-3101 MHP - Second Amended Judgment Pursuant to Stipulation 032707.DOC

November 2006 through February 2007. Again, pursuant to paragraph 5 of the original Judgment, these contributions, plus liquidated damages and interest thereon become part of the Judgment. Defendant has requested that an additional payment plan be provided, to allow for the additional amounts that are due and owing to Plaintiffs.

3. Defendant is now indebted to Plaintiffs as follows:

| | |
|---|---:|
| Balance remaining due on prior Amended Stipulation | $35,715.49 |
| Interest (@ 5% p/a 1/23/07-2/28/07; @ 8% p/a (3/1/07-3/31/07) | $418.80 |
| Contributions (11/06-2/07) | $14,694.22 |
| Liquidated Damages @ 20% p/a (11/06-2/07) | $2,938.85 |
| Interest (11/06-2/07 contributions) (@ 5% p/a through 2/28/07; @ 8% p/a 3/1/07-3/31/07) | $193.44 |
| Attorneys Fees (9/29/06-3/27/07) | $3,289.00 |
| Costs (9/29/06-3/27/07) | $65.50 |
| **TOTAL** | **$57,315.30** |

4. Defendant shall *conditionally* pay the amount of **$54,376.45** (the total above, less the liquidated damages) *conditioned upon Trustees approval and timely compliance with all of the terms of this Second Amended Judgment Pursuant to Stipulation,* as follows:

(a) On or before April 15, 2007, and no later than the 15th day of each month thereafter for a period of 12 months, through and including March 15, 2008, Defendant shall pay to Plaintiffs the amount of **$4,730.12**;

(b) Defendant shall have the right to increase the monthly payments at any time;

(c) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 8% per annum from

April 1, 2007, until paid in full, in accordance with Plaintiffs' Trust Agreements.

(d) Payments shall be made payable to the Northern California Glaziers, Architectural Metal and Glassworkers Trust Funds, and delivered to Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San Francisco, CA 94105, **to be <u>received</u> on or before the 15th day of each month**, or to such other address as may be specified by Plaintiffs;

(e) Prior to Defendant's final payment hereunder, Plaintiffs shall advise Defendant of any additional amounts incurred under the terms of this Stipulation, and that amount shall be paid with the last payment, on or before March 15, 2008. This amount shall include any attorneys fees and costs incurred after March 27, 2007, and will include a determination as to the conditional waiver of liquidated damages. The waiver is expressly conditioned on Trustee approval and will not be considered until all other amounts owed pursuant to this Second Amended Judgment are paid in full. In the event that the waiver is denied, the amounts owed will be due and payable with Defendant's final payment OR payments will continue at the amount specified in paragraph 4, at Defendant's written request, until all amounts due are satisfied.

5. Beginning with contributions due for hours worked by Defendant's employees during the month of **March 2007**, to be postmarked no later than **April 15, 2007**, and <u>for every month thereafter until this judgment is satisfied</u>, Defendant **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended. **<u>Defendant shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Michele Stafford at 415-882-9287, prior to sending the payment to the Trust Fund office. In addition, for any public works projects or other projects requiring certified payroll, Defendant shall fax a copy of all such payroll reports to Michele Stafford with the aforementioned documents.</u>** Failure by Defendant to remain current in its contributions

shall constitute a default of the obligations under this agreement and the provisions of paragraph 7 shall apply.  Any such unpaid or late paid contributions, together with 20% liquidated damages and 8% per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this agreement are in addition thereto.

6. It is further stipulated and agreed that Shelly Gunderson, President, and Steve Gunderson, Vice President, of Defendant Vaca Valley Glass, Inc. (hereinafter referred to as "Guarantors"), shall personally guarantee payment of the amounts owed by Defendant to the Plaintiffs, under the terms of this Stipulation. In consideration of the terms of this Stipulation, Defendant and Guarantors submit herein to the jurisdiction of this Court and stipulate to the terms set forth herein for any additional payments due to Plaintiffs pursuant to paragraphs 4 and 5 herein.

7. In the event that Defendant/Guarantors fail to make any payment required under paragraph 4 above, or fail to remain current in any contributions under paragraph 5 above, then Plaintiffs will provide Defendant/Guarantors with a written "notice of default" allowing seven (7) days from the date of the notice in which to cure the default. In the event that Defendant/Guarantors do not cure the default within the proscribed time period, then:

(a) The entire balance of **$57,315.30,** less principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20% liquidated damages and 8% per annum interest, shall be immediately due, together with any additional attorneys fees and costs under section (d) below.

(b) A writ of execution may be obtained against Defendant and/or Guarantors

without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration or affidavit of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default.

   (c) Defendant/Guarantors waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal. Judgment may be entered and a Writ of Execution issued by a Magistrate or a District Court Judge or clerk of the court, without the necessity of a noticed motion.

   (d) Defendant/Guarantors shall pay all additional costs and attorneys fees incurred by Plaintiffs in this matter, including, but not limited to those in connection with collection of the amounts owed by Defendant to Plaintiffs under this Stipulation.

  8. Any failure on the part of the Plaintiffs to take any action against Defendant and/or Guarantors as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantors of any provisions herein.

  9. Plaintiffs specifically reserve all rights to bring a subsequent action against Defendant or Guarantors for the collection of any additional contribution delinquencies found to be due, but not included herein, for the hours worked during the periods preceding the date of this Stipulation. Defendant/Guarantors specifically waive the defense of the doctrine of res judicata in any such action.

  10. In the event of the filing of a bankruptcy petition by Defendant or its Guarantors, the parties agree that any payments made by Defendant or Guarantors pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(C)(2) and shall not be claimed by Defendant or Guarantors as a preference

-5-
SECOND AMENDED JUDGMENT PURSUANT TO STIPULATION
Case No.: C05-3101 MHP

-6-

1  under 11 U.S.C. Section 547 or otherwise.  Defendant and its Guarantors nevertheless represent
2  that no bankruptcy filing is anticipated.
3       11.     The parties agree that the Court shall retain jurisdiction of this matter until this
4  Judgment is satisfied.
5  ///
6  ///
7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27
28

12.   This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

Dated: March 30, 2007                         VACA VALLEY GLASS, INC.

                                        By:   _____/s/_____
                                                    Shelly Gunderson, President

Dated: March 30, 2007                         Shelly Gunderson

                                                      _____/s/_____
                                                      Individual Guarantor

Dated: March 30, 2007                         Steve Gunderson

                                                      _____/s/_____
                                                      Individual Guarantor

Dated: March 30, 2007                         SALTZMAN & JOHNSON LAW CORPORTION

                                        By:   _____/s/_____
                                                   Michele R. Stafford
                                                   Attorneys for Plaintiffs

IT IS SO ORDERED.

Dated: __April 4_____, 2007                         _____
                                                  UNITED STATES DISTRICT JUDGE

*[Court seal: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED, Judge Marilyn H. Patel]*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28