1 | Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
2 | SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
3 | San Francisco, CA 94105
(415) 882-7900
4 | (415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
5 | mstafford@sjlawcorp.com

6 | Attorneys for Plaintiff

7

8

9

10 | UNITED STATES DISTRICT COURT

11 | FOR THE NORTHERN DISTRICT OF CALIFORNIA



RECEIVED
08 FEB 11 PM 1:25
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

FEB 27 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

12 | NORTHERN CALIFORNIA GLAZIERS,
ARCHITECTURAL METAL AND GLASS
13 | WORKERS PENSION PLAN; et al.,

14 |      Plaintiff,

15 | v.

16

17 | VACA VALLEY GLASS, INC.

18 |      Defendant.

Case No.: C05-3101 MHP

**REQUEST TO ISSUE
WRIT OF EXECUTION AND
DECLARATION OF MURIEL B. KAPLAN
IN SUPPORT THEREOF;
[PROPOSED] ORDER**

19

20 | I, Muriel B. Kaplan, declare under penalty of perjury that:

21 |   1.   I am the attorney for the plaintiffs in the above-entitled action.

22 |   2.   On April 4, 2007, within ten years past, a Second Amended Judgment Pursuant to

23 | Stipulation (hereinafter "Second Amended Stipulation") was entered in favor of Plaintiffs and

24 | against Defendant in the total amount of $57,315.30. A copy of the Second Amended Stipulation

25 | is attached hereto as *Exhibit A*.

26 |   3.   On April 23, 2007, defendant made two payments totaling $5,230.12 on the *Second*

27 | Amended Judgment Pursuant to Stipulation, of which $4,456.00 was principal.

28

-1-
**REQUEST TO ISSUE WRIT OF EXECUTION
Case No.: C05-3101 MHP**

1    4.    Three hundred and thirteen (289) days have elapsed from April 23, 2007, the date

2    of defendant's last payment, to February 6, 2008. Therefore, interest in the amount of $3,354.57

3    has accrued on the principal balance of the Second Amended Stipulation as of February 6, 2008, at

4    a rate of 8% per annum.

5        5.    Three levies under the prior writ in this action yielded a total of $266.74. These

6

7    monies were applied to interest due on the Second Amended Stipulation, leaving a balance of

8    $3,087.83 due in accrued interest.

9        6.    Attorneys fees to March 27, 2007, were included in the Second Amended

10   Stipulation. Since that time, attorneys fees totaling $3,250.50 were incurred during the period

11   March 28, 2007 through February 7, 2008, for multiple default notices, for correspondence and

12
     conferences with clients and plaintiffs' administrator, correspondence and telephone conferences
13
     with defendant, preparation of three levies under the prior writ issued, and for preparation of this
14
15   Request to Issue Writ of Execution and supporting declaration.

16        I personally have spent 2.10 hours in the above efforts from March 28, 2007 through June

17   30, 2007, when my time was billed at the rate of $180.00 per hour; and 2.2 hours from July 1,

18   2007 through February 7, 2008, when my time was billed at the rate of $185.00 per hour, in

19   connection with the above matters, for a total of $785.00.

20
          I am informed and believe that Michele R. Stafford, an associate attorney employed by this
21
22   law firm, spent 5.0 hours from March 28, 2007 through June 30, 2007 at the above efforts, when

23   her time was billed at the rate of $175.00 per hour; and 1.3 hours from July 1, 2007 through

24   February 7, 2008, when her time was billed at the rate of $180.00 per hour, in connection with the

25   above matters, for a total of $1,109.00.

26        I am informed and believe that Vanessa de Fábrega, a paralegal employed by this law firm,

27   spent 5.90 hours from March 28, 2007 through June 30, 2007, when her time was billed at the rate

28

-2-
**REQUEST TO ISSUE WRIT OF EXECUTION**
**Case No.: C05-3101 MHP**

1   of $100.00 per hour; and 6.6 hours from July 1, 2007 through February 7, 2008, when her time

2   was billed at the rate of $105.00 per hour, in connection with the above matters, for a total of

3   $1,283.00.

4       I am informed and believe that Andrea Gonzalez, a paralegal employed by this law firm,

5

6   spent .70 hours from July 1, 2007 through February 7, 2008, when her time was billed at the rate

7   of $105.00 per hour, in connection with the above matters, for a total of $73.50.

8       The additional attorneys fees reasonably incurred by plaintiffs therefore total $3,250.50

9   through February 7, 2008.

10   7.    Costs through March 27, 2007 are included in the Second Amended Stipulation.

11   Additional costs were incurred from March 27, 2007 to February 7, 2008, in the amount of

12   $1,092.50 for the issuance and service of three levies.

13

14   8.    The amounts now due are as follows:

| | | |
|---|---|---|
| Second Amended Stipulation | $57,315.30 | |
| (2 payments (¶3 above) | – $4,456.00 | |
| | | $52,859.30<br>(+8% p/a int.<br>from 2/7/08) |
| 8% Interest (4/24/07-2/6/08) | $3,354.57 | |
| (Levy proceeds applied to interest) (¶6 above) | – $266.74 | |
| | | $3,087.83 |
| Attorneys fees (3/28/07-2/7/08) | | $3,250.50 |
| Costs | | $1,092.50 |
| **TOTAL** | | **$60,290.13** |

9.    An original Writ of Execution is enclosed herein for issuance by the Court.

      WHEREFORE, it is prayed that a Writ of Execution be promptly issued for **$60,290.13**

plus 8% per annum interest on the principal balance due on the Second Amended Stipulation

($52,959.30) ($11.61 per diem beginning February 7, 2008 until satisfied), and that the Court

retain jurisdiction over this matter.

///

P:\CLIENTS\GLACL\Vaca Valley Glass\Writ\Writ 020108\C05-3101 MHP Writ Request 020608.doc

1     10.   Defendant is a corporation and therefore not an infant or an incompetent person,

2 nor in the military service of the United States.

3     I declare under penalty of perjury that the foregoing is true of my own knowledge and if

4 called upon I could competently testify thereto.

5

6 Dated: February 8, 2008                 SALTZMAN & JOHNSON
                                   LAW CORPORATION

7

8                                    Muriel B. Kaplan

9                                    Attorneys for Plaintiffs

10

11                             ORDER

12

13     Let a Writ of Execution be issued in the sum $60,290.13 plus 8% per annum interest on the

14 principal balance due on the Second Amended Stipulation ($52,959.30) ($11.61 per diem

15 beginning February 7, 2008 until satisfied), in favor of plaintiffs and against judgment debtor,

16 Vaca Valley Glass, Inc. This matter shall remain under this Court's jurisdiction.

17

18 Dated:

19                             United States District Court Judge

20

21

22

23

24

25

26

27

28

REQUEST TO ISSUE WRIT OF EXECUTION
Case No.: C05-3101 MHP

P:\CLIENTS\GLACL\Vaca Valley Glass\Writ\Writ 020108\C05-3101 MHP Writ Request 020608.doc

1 | Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
2 | SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
3 | San Francisco, CA 94105
(415) 882-7900
4 | (415) 882-9287–Facsimile
mkaplan@sjlawcorp.com
5 | mstafford@sjlawcorpcom

6 | Attorneys for Plaintiffs

7

8

9 | UNITED STATES DISTRICT COURT

10 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 | NORTHERN CALIFORNIA GLAZIERS,                Case No.: C05-3101 MHP
ARCHITECTURAL METAL AND GLASS
13 | WORKERS PENSION PLAN, et al.                 **SECOND AMENDED JUDGMENT
                                               PURSUANT TO STIPULATION**
     Plaintiffs,
14

15 | v.

16 | VACA VALLEY GLASS, INC.

17 |     Defendant.

18 | IT IS HEREBY STIPULATED by and between the parties hereto, that a Second Amended

19

20 | Judgment Pursuant to Stipulation in the within action may be entered in favor of the Plaintiffs and

21 | against Defendant Vaca Valley Glass, Inc. as follows:

22 |     1.       Pursuant to an Amended Judgment Pursuant to Stipulation, Defendant was indebted

23 | to Plaintiffs in the amount of $47,212.51, plus interest. Defendant made four (4) payments, then

24 | defaulted. According to paragraph 5 of the original Judgment Pursuant to Stipulation, any

25 | additional contributions, liquidated damages and interest that become due during the payment

26 | period become part of the Judgment.

27

28 |     2.       Defendant has now reported, but failed to pay contributions for the months of

**-1-**
**SECOND AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C05-3101 MHP**

1 November 2006 through February 2007. Again, pursuant to paragraph 5 of the original Judgment,

2 these contributions, plus liquidated damages and interest thereon become part of the Judgment.

3 Defendant has requested that an additional payment plan be provided, to allow for the additional

4 amounts that are due and owing to Plaintiffs.

5

6        3.    Defendant is now indebted to Plaintiffs as follows:

| | |
|---|---|
| Balance remaining due on prior Amended Stipulation | $35,715.49 |
| Interest (@ 5% p/a 1/23/07-2/28/07; @ 8% p/a (3/1/07-3/31/07) | $418.80 |
| Contributions (11/06-2/07) | $14,694.22 |
| Liquidated Damages @ 20% p/a (11/06-2/07) | $2,938.85 |
| Interest (11/06-2/07 contributions)<br>(@ 5% p/a through 2/28/07; @ 8% p/a 3/1/07-3/31/07) | $193.44 |
| Attorneys Fees (9/29/06-3/27/07) | $3,289.00 |
| Costs (9/29/06-3/27/07) | $65.50 |
| **TOTAL** | **$57,315.30** |

17      4.    Defendant shall *conditionally* pay the amount of **$54,376.45** (the total above, less

18 the liquidated damages) *conditioned upon Trustees approval and timely compliance with all of the*

19 *terms of this Second Amended Judgment Pursuant to Stipulation,* as follows:

20           (a)    On or before April 15, 2007, and no later than the 15th day of each month

21 thereafter for a period of 12 months, through and including March 15, 2008, Defendant shall pay

22

23 to Plaintiffs the amount of **$4,730.12**;

24           (b)    Defendant shall have the right to increase the monthly payments at any

25 time;

26           (c)    Payments shall be applied first to unpaid interest and then to unpaid

27 principal. The unpaid principal balance shall bear interest at the rate of 8% per annum from

28

-2-
**SECOND AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C05-3101 MHP**

1 April 1, 2007, until paid in full, in accordance with Plaintiffs' Trust Agreements.

2             (d)      Payments shall be made payable to the Northern California Glaziers,

3 Architectural Metal and Glassworkers Trust Funds, and delivered to Saltzman & Johnson Law

4 Corporation, 120 Howard Street, Suite 520, San Francisco, CA 94105, **to be received on or**

5

6 **before the 15th day of each month**, or to such other address as may be specified by Plaintiffs;

7             (e)      Prior to Defendant's final payment hereunder, Plaintiffs shall advise

8 Defendant of any additional amounts incurred under the terms of this Stipulation, and that amount

9 shall be paid with the last payment, on or before March 15, 2008. This amount shall include any

10 attorneys fees and costs incurred after March 27, 2007, and will include a determination as to the

11 conditional waiver of liquidated damages. The waiver is expressly conditioned on Trustee

12 approval and will not be considered until all other amounts owed pursuant to this Second

13

14 Amended Judgment are paid in full. In the event that the waiver is denied, the amounts owed will

15 be due and payable with Defendant's final payment OR payments will continue at the amount

16 specified in paragraph 4, at Defendant's written request, until all amounts due are satisfied.

17          5.      Beginning with contributions due for hours worked by Defendant's employees

18 during the month of **March 2007**, to be postmarked no later than **April 15, 2007**, and <u>for every</u>

19 <u>month thereafter until this judgment is satisfied</u>, Defendant **shall remain current in**

20

21 **contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all

22 subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended.

23 <u>**Defendant shall fax a copy of the contribution report for each month, together with a copy of**</u>

24 <u>**that payment check, to Michele Stafford at 415-882-9287, prior to sending the payment to**</u>

25 <u>**the Trust Fund office. In addition, for any public works projects or other projects requiring**</u>

26 <u>**certified payroll, Defendant shall fax a copy of all such payroll reports to Michele Stafford**</u>

27 <u>**with the aforementioned documents.**</u> Failure by Defendant to remain current in its contributions

28

-3-
SECOND AMENDED JUDGMENT PURSUANT TO STIPULATION
Case No.: C05-3101 MHP

**1** shall constitute a default of the obligations under this agreement and the provisions of paragraph 7

**2** shall apply. Any such unpaid or late paid contributions, together with 20% liquidated damages

**3** and 8% per annum interest accrued on the total contributions and liquidated damages, shall be

**4**
**5** added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all

**6** rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust

**7** Funds for collection of current and future contributions and the provisions of this agreement are in

**8** addition thereto.

**9**      6.    It is further stipulated and agreed that Shelly Gunderson, President, and Steve

**10** Gunderson, Vice President, of Defendant Vaca Valley Glass, Inc. (hereinafter referred to as

**11** 'Guarantors'), shall personally guarantee payment of the amounts owed by Defendant to the

**12**
**13** Plaintiffs, under the terms of this Stipulation. In consideration of the terms of this Stipulation,

**14** Defendant and Guarantors submit herein to the jurisdiction of this Court and stipulate to the terms

**15** set forth herein for any additional payments due to Plaintiffs pursuant to paragraphs 4 and 5

**16** herein.

**17**      7.    In the event that Defendant/Guarantors fail to make any payment required under

**18** paragraph 4 above, or fail to remain current in any contributions under paragraph 5 above, then

**19** Plaintiffs will provide Defendant/Guarantors with a written 'notice of default' allowing seven (7)

**20**
**21** days from the date of the notice in which to cure the default. In the event that

**22** Defendant/Guarantors do not cure the default within the proscribed time period, then:

**23**      (a)    The entire balance of **$57,315.30,** less principal payments received by

**24** Plaintiffs, but increased by any unpaid contributions then due, plus 20% liquidated damages and

**25** 8% per annum interest, shall be immediately due, together with any additional attorneys fees and

**26** costs under section (d) below.

**27**
**28**      (b)    A writ of execution may be obtained against Defendant and/or Guarantors

1  without further notice, in the amount of the unpaid balance, plus any additional amounts under the

2  terms herein, upon declaration or affidavit of a duly authorized representative of the Plaintiffs

3  setting forth any payment theretofore made by or on behalf of Defendant and the balance due and

4  owing as of the date of default.

5

6          (c)      Defendant/Guarantors waive notice of entry of judgment and expressly

7  waive all rights to stay of execution and appeal. Judgment may be entered and a Writ of Execution

8  issued by a Magistrate or a District Court Judge or clerk of the court, without the necessity of a

9  noticed motion.

10          (d)      Defendant/Guarantors shall pay all additional costs and attorneys fees

11  incurred by Plaintiffs in this matter, including, but not limited to those in connection with

12  collection of the amounts owed by Defendant to Plaintiffs under this Stipulation.

13

14          8. .     Any failure on the part of the Plaintiffs to take any action against Defendant and/or

15  Guarantors as provided herein in the event of any breach of the provisions of this Stipulation shall

16  not be deemed a waiver of any subsequent breach by the Defendant/Guarantors of any provisions

17  herein.

18          9.     Plaintiffs specifically reserve all rights to bring a subsequent action against

19  Defendant or Guarantors for the collection of any additional contribution delinquencies found to

20  be due, but not included herein, for the hours worked during the periods preceding the date of this

21

22  Stipulation. Defendant/Guarantors specifically waive the defense of the doctrine of res judicata in

23  any such action.

24          10.    In the event of the filing of a bankruptcy petition by Defendant or its Guarantors,

25  the parties agree that any payments made by Defendant or Guarantors pursuant to the terms of this

26  judgment, shall be deemed to have been made in the ordinary course of business as provided under

27  11 U.S.C. Section 547(C)(2) and shall not be claimed by Defendant or Guarantors as a preference

28

-5-
**SECOND AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C05-3101 MHP**

1  under 11 U.S.C. Section 547 or otherwise.  Defendant and its Guarantors nevertheless represent

2  that no bankruptcy filing is anticipated.

3      11.    The parties agree that the Court shall retain jurisdiction of this matter until this

4  Judgment is satisfied.

5  ///

6  ///

7  ///

8  ///

9  ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27

28

-6-
**SECOND AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C05-3101 MHP**

1    12.    This Stipulation contains all of the terms agreed by the parties and no other

2  agreements have been made. Any changes to this Stipulation shall be effective only if made in

3  writing and signed by all parties hereto.

4

5  Dated: March 30, 2007                    VACA VALLEY GLASS, INC.

6

7                              By:    _____/s/_____

8                                     Shelly Gunderson, President

9

10  Dated: March 30, 2007                    Shelly Gunderson

11

12                                     _____/s/_____
                                       Individual Guarantor

13

14  Dated: March 30, 2007                    Steve Gunderson

15

16                                     _____/s/_____
                                       Individual Guarantor

17

18  Dated: March 30, 2007                    SALTZMAN & JOHNSON LAW CORPORTION

19

20                              By:    _____/s/_____
                                       Michele R. Stafford

21                                     Attorneys for Plaintiffs

22

23  IT IS SO ORDERED.

24

25  Dated: April 4 _____, 2007     IT IS SO ORDERED

26                                     UNITED ST                  JUDGE

27                                     Judge Marilyn H. Patel

28
                                                                          -7-
                    SECOND AMENDED JUDGMENT PURSUANT TO STIPULATION
                                                           Case No.: C05-3101 MHP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-
SECOND AMENDED JUDGMENT PURSUANT TO STIPULATION
Case No.: C05-3101 MHP

P:\CLIENTS\GLACL\Vaca Valley Glass\Pleadings\C05-3101 MHP - Second Amended Judgment Pursuant to Stipulation 032707.DOC